## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JACEK OSMAN,**

        **Plaintiff,**

**v.**

                                        **Case #:_____**

**NEW BERN TRANSPORT**
**CORPORATION and SEDGWICK**
**CLAIMS MANAGEMENT SERVICES,**
**INC.**

        **Defendants.**

_____/

### COMPLAINT

The Plaintiff, JACEK OSMAN (hereafter referred to as "OSMAN"), sues the Defendants, NEW BERN TRANSPORT CORPORATION (hereafter referred to as "NEW BERN"), and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. (hereafter referred to as "SEDGWICK") and states:

### COUNT I
(Claim for Short Term Disability Benefits)

1.    This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2.    This Court has jurisdiction pursuant to ERISA §502, 29 U.S.C. §1132.

3.    At all relevant times, NEW BERN, was a foreign profit corporation licensed to do business in the State of Florida and is and/or was a subsidiary company of PEPSI BEVERAGES

COMPANY. OSMAN is and/or was employed by NEW BERN, a subsidiary of PEPSI BEVERAGES COMPANY.

4.      At all relevant times, SEDGWICK, was a foreign profit corporation licensed to do business in the State of Florida.

5.      OSMAN is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was, at all relevant times, a participant in each of the plans, funds, programs, or arrangements described herein.

6.      OSMAN is an employee and/or a former employee of NEW BERN in Tampa, Florida - at its location within this District.

7.      At all relevant times, OSMAN was a participant in a short term disability plan, an employee benefit plan ("The Plan") which provides benefits due to disability and is subject to the provisions of ERISA.

8.      The Plan is insured by a contract of insurance between NEW BERN, and its insurer, THE PEPSI BOTTLING GROUP, INC., *(NEW BERN TRANSPORT CORPORATION has been a subsidiary of PEPSI BEVERAGES COMPANY)*.

9.      NEW BERN, a subsidiary of PEPSI BEVERAGES COMPANY, is the sponsor of the short term disability plan.

10.     SEDGWICK is the claim management company handling the claim on behalf of THE PEPSI BOTTLING GROUP, INC.

11.     Plaintiff has exhausted all administrative remedies required by The Plan before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a futile or vain act, or otherwise rendered unnecessary under the statutes, administrative

regulations promulgated by the Secretary of Labor, and/or federal common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq. ("ERISA").

12.     Following the short term disability elimination period, OSMAN is entitled to a short term disability benefit from September 24, 2008 to September 24, 2009 ( a period of 52 weeks), at a rate of $640.00 per week, for a total of $32,280.00.

13.     OSMAN is entitled to The Plan benefits identified herein because:

    (a)     The benefits are permitted under The Plan.

    (b)     The Plaintiff has satisfied all conditions to be eligible to receive the benefits.

    (c)     Plaintiff has not waived or otherwise relinquished entitlement to the benefit.

14.     NEW BERN has refused to pay the benefits sought by OSMAN and as ground for such refusal have alleged that OSMAN does not satisfy the definition of total disability as stated in the Employee Benefit Booklet.

15.     Pursuant to ERISA §502(g), 29 U.S.C. §1132(g), OSMAN is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA.  OSMAN has been required to obtain the undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, the Plaintiff, JACEK OSMAN, asks this Court to enter judgment against Defendants, NEW BERN TRANSPORT CORPORATION and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., finding that:

    (a)     OSMAN is entitled to short term disability benefits from September 24, 2008 to September 24, 2009; and

(b)    Award benefits totaling $32,280.00 not paid to OSMAN from September 24,

2008 to September 24, 2009, together with interest at the legal rate from the date it became due

until the date it is paid; and

(c)    Award reasonable attorney fees and costs incurred in this action; and

(d)    For such other and further relief as this Court deems just and proper, including but

not limited to:

      i.    a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

      ii.    remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

      iii.    ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

### COUNT II
(Claim for Long Term Disability Benefits)

16.    This is an action for legal and/or equitable relief under the Employee Retirement

Income Security Act (ERISA), 29 U.S.C. § 1001 et sec.

17.    This Court has jurisdiction pursuant to ERISA §502, 29 U.S.C. §1132.

18.    At all relevant times, NEW BERN, was a foreign profit corporation licensed to do

business in the State of Florida and is and/or was a subsidiary company of PEPSI BEVERAGES

COMPANY.   OSMAN is and/or was employed by NEW BERN, a subsidiary of PEPSI

BEVERAGES COMPANY.

19.    At all relevant times, SEDGWICK, was a foreign profit corporation licensed to do business in the State of Florida.

20.    OSMAN is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was, at all relevant times, a participant in each of the plans, funds, programs, or arrangements described herein.

21.    OSMAN is an employee and/or a former employee of NEW BERN in Tampa, Florida – at its location within this District.

22.    OSMAN is a participant in a long term disability plan, an employee benefit plan ("The Plan") which provides long term disability benefits and is subject to the provisions of ERISA.

23.    The Plan is insured by a contract of insurance between NEW BERN and its insurer, THE PEPSI BOTTLING GROUP, INC., *(NEW BERN TRANSPORT CORPORATION has been a subsidiary of PEPSI BEVERAGES COMPANY)*.

24.    NEW BERN, a subsidiary of PEPSI BEVERAGES COMPANY, is the sponsor of The Plan.

25.    SEDGWICK is the claim management company handling the claim on behalf of THE PEPSI BOTTLING GROUP, INC.

26.    NEW BERN is the entity that made benefit determinations in relation to OSMAN's claim.

27.    With respect to all claims made herein, OSMAN has exhausted administrative remedies and/or such exhaustion of remedies is excused.

28.     Plaintiff has been disabled according to the terms of The Plan since September 25, 2009, and/or the end of the short term disability eligibility period.

29.     NEW BERN has failed and refused to pay long term disability benefits since September 25, 2009.

30.     Plaintiff has exhausted all administrative remedies required by The Plan before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a futile or vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or federal common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq. ("ERISA").

31.     Plaintiff is entitled to certain benefits under The Plan consisting of benefits for long term disability from September 25, 2009 through the date of filing this action at a rate of $1,664.00 per month.  Thus, long term disability benefit payments at this rate equal an aggregate sum of $64,896.00, or, 39 months.

32.     OSMAN is entitled to The Plan benefits identified herein because:

    (a)     The benefits are permitted under The Plan.

    (b)     OSMAN has satisfied all conditions to be eligible to receive the benefits.

    (c)     OSMAN has not waived or otherwise relinquished his entitlement to the benefit.

33.     NEW BERN has refused to provide long term disability benefits to OSMAN on the ground that OSMAN does not satisfy the definition of disability as stated in the Summary Plan Description.

34. Pursuant to ERISA §502(g), 29 U.S.C. §1132(g), OSMAN is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. OSMAN has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, the Plaintiff, JACEK OSMAN, asks this Court to enter judgment against Defendants, NEW BERN TRANSPORT CORPORATION and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., finding that:

(a) The Plaintiff is entitled to long term disability benefits from September 25, 2009 through the date of the filing of this lawsuit; and

(b) Award long term disability benefits in the amount not paid to the Plaintiff from September 25, 2009 - a total of $64,896.00, together with pre-judgment interest on each monthly payment from the date it became due until the date it is paid; and

(c) Award reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper, including but not limited to:

      i. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

      ii. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

      iii. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

**COUNT III**
(Claim for Penalties Under ERISA v. SEDGWICK
CLAIM MANAGEMENT SERVICES, INC.)

35.     ERISA § 502(a)(1)(A) authorizes penalties of $110.00 per day for failure to respond to a beneficiary's request for Plan Documents and the claim file within 30 days of receipt of the request.

36.     On or about November 24, 2010, OSMAN requested a copy of The Plan from SEDGWICK CLAIM MANAGEMENT SERVICES, INC.  A copy of the November 24, 2010 letter is attached hereto and incorporated herein by reference as Exhibit "A".

37.     In the same request referenced in number 35. above, OSMAN requested several documents which collectively, and/or in part, make up the claim file (hereafter referred to as "Claim File").

38.     On or about March 9, 2011, OSMAN sent a second request to SEDGWICK CLAIM MANAGEMENT SERVICES, INC. for a copy of OSMAN'S Claim File and The Plan. A copy of the March 9, 2011 letter is attached hereto and incorporated herein by reference as Exhibit "B".

39.     On or about March 23, 2011, Defendant, SEDGWICK CLAIM MANAGEMENT SERVICES, INC., sent a letter indicating that the request was forwarded to the appropriate disability examiner, Tobie Salcido, for handling.  A copy of the March 23, 2011 letter is attached hereto and incorporated herein by reference as Exhibit "C".

40.     On or about April 8, 2011, OSMAN sent a third request to Tobie Salcido, Disability Claims Examiner, at SEDGWICK CLAIM MANAGEMENT SERVICES, INC., for a copy of The Plan and OSMAN'S Claim File.  A copy of the November 24, 2010 letter is attached hereto and incorporated herein by reference as Exhibit "D".

41.    On June 25, 2012, SEDGWICK CLAIM MANAGEMENT SERVICES, INC., provided OSMAN with a copy of The Plan or a copy of OSMAN'S Claim File.

42.    As of June 25, 2012, four hundred (400) days had passed since SEDGWICK CLAIM MANAGEMENT SERVICES, INC., received OSMAN'S requests for a copy of The Plan and a copy of OSMAN'S Claim File.  This is three hundred and seventy (370) days longer than allowed under the ERISA § 502(a)(1)(A).

43.    This delay caused OSMAN great harm as it hindered his ability to advance his claim and prejudiced the rights afforded to him under the Plan and ERISA §502, 29 USC §1132.

44.    Plaintiff is entitled to a sanction of forty thousand seven hundred dollars ($40,700.00) to be paid by SEDGWICK CLAIM MANAGEMENT SERVICES, INC., for its failure to provide the requested Claim File and The Plan (370 days x $110.00 per day).

WHEREFORE, the Plaintiff, JACEK OSMAN, asks this Court to enter judgment against Defendant, SEDGWICK CLAIM MANAGEMENT SERVICES, INC., in the amount of forty thousand seven hundred dollars ($40,700.00) as penalties of perjury for failure to provide documents requested under ERISA § 502(a)(1)(A).

## COUNT IV
(Claim for Penalties Under ERISA v. NEW BERN
TRANSPORT CORPORATION)

45.    ERISA § 502(a)(1)(A) authorizes penalties of $110.00 per day for failure to respond to a beneficiary's request for Plan Documents and the claim file within 30 days of receipt of the request.

46.    On or about November 24, 2010, OSMAN requested a copy of The Plan from NEW BERN TRANSPORT CORPORATION, a subsidiary of PEPSI BEVERAGES

COMPANY A copy of the November 24, 2010 letter is attached hereto and incorporated herein by reference as Exhibit "E".

47.     In the same request referenced in number 46. above, OSMAN requested several documents which collectively, and/or in part, make up the claim file (hereafter referred to as "Claim File").

48.     On or about March 9, 2011, OSMAN sent a second request to NEW BERN TRANSPORT CORPORATION, a subsidiary of PEPSI BEVERAGES COMPANY, for a copy of OSMAN'S Claim File and The Plan. A copy of the March 9, 2011 letter is attached hereto and incorporated herein by reference as Exhibit "F".

49.     On or about March 23, 2011, SEDGWICK CLAIM MANAGEMENT SERVICES, INC., sent a letter, a copy of which was mailed to Defendant, NEW BERN TRANSPORT CORPORATION, a subsidiary of PEPSI BEVERAGES COMPANY, indicating that the request was forwarded to the appropriate disability examiner, Tobie Salcido, for handling. A copy of the March 23, 2011 letter is attached hereto and incorporated herein by reference as Exhibit "G".

50.     On June 25, 2012, NEW BERN TRANSPORT CORPORATION, a subsidiary of PEPSI BEVERAGES COMPANY, provided OSMAN with a copy of The Plan or a copy of OSMAN'S Claim File.

51.     As of June 25, 2012, four hundred (400) days had passed since NEW BERN TRANSPORT CORPORATION, a subsidiary of PEPSI BEVERAGES COMPANY, received OSMAN'S requests for a copy of The Plan and a copy of OSMAN'S Claim File. This is three hundred and seventy (370) days longer than allowed under the ERISA § 502(a)(1)(A).

52.     This delay caused OSMAN great harm as it hindered his ability to advance his claim and prejudiced the rights afforded to him under the Plan and ERISA §502, 29 USC §1132

53.     Plaintiff is entitled to a sanction of forty thousand seven hundred dollars ($40,700.00) to be paid by NEW BERN RANSPORT CORPORATION, a subsidiary of PEPSI BEVERAGES COMPANY,  for its failure to provide the requested Claim File and The Plan (370 days x $110.00 per day).

WHEREFORE, the Plaintiff, JACEK OSMAN, asks this Court to enter judgment against Defendant, NEW BERN TRANSPORT CORPORATION, a subsidiary of PEPSI BEVERAGES COMPANY, in the amount of forty thousand seven hundred dollars ($40,700.00) as penalties of perjury for failure to provide documents requested under ERISA § 502(a)(1)(A).

DATED this _27_ day of **December, 2012.**

TUCKER & LUDIN, P.A.

WILLIAM C. DEMAS, ESQUIRE
Florida Bar #0142920
demas@tuckerludin.com
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
tucker@tuckerludin.com
13577 Feather Sound Drive, Suite 300
Clearwater, Florida 33762
Tel.:    (727) 572-5000
Fax:    (727) 571-1415
Attorneys for Plaintiff and Trial Counsel